UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
WILLIE JAMES BAINES, JR.,

                                       **COMPLAINT**

                           Plaintiff,

                                   Case No:

                 -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER ROOSVELT
MONESTIME, in his official and individual capacity, POLICE
OFFICER ROBERT GAYLOG, in his official and individual
capacity and NEW YORK CITY POLICE DEPARTMENT
SUPERVISORY OFFICERS JOHN DOES 1-6 names currently
unknown, in their official and personal capacity,

                             Defendants.
-------------------------------------------------------------------------------X

       Respectfully submitted, by Alexander Roytblat, the Roytblat Law Group, PLLC, Attorneys

for Plaintiff, 2663 Coney Island Avenue, 2nd Floor Brooklyn, New York 11223, (718) 509-4911.

       Plaintiff, by his attorneys, Roytblat Law Group, PLLC, as and for his Complaint against the

defendants respectfully sets forth:

### INTRODUCTION

       1.     This is an action for money damages against THE CITY OF NEW YORK (herein

after referred as CITY), NEW YORK CITY POLICE DEPARTMENT (herein after referred as

NYPD), POLICE OFFICER ROOSVELT MONESTIME, in his official and individual capacity

(herein after referred as MONESTIME), POLICE OFFICER, ROBERT GAYLOG, in his official

and individual capacity, (herein after referred as GAYLOG), and NEW YORK CITY POLICE

DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their

official and personal capacity, for committing acts under color of law and depriving plaintiff of

rights secured by the Constitution and laws of the United States and the State of New York.

2.      Plaintiff alleges that on May 6, 2019 Defendants MONESTIME AND GAYLOG and GAYLOG unlawfully stooped, wrongfully detained, illegally and unconstitutionally seized, falsely arrested, intentionally and falsely imprisoned, falsely accused, discriminatorily harassed, defamed, failed to obtain medical treatment and maliciously charged and severely assaulting the plaintiff WILLIE JAMES BAINES, JR., and were negligent in their failure to prevent the assault and subsequent false imprisonment of WILLIE JAMES BAINES, JR., all in violation of his constitutional and **civil rights**, and with great endangerment toward the plaintiff's emotional and physical well-being.

3.      Plaintiff further alleges that defendants CITY and NYPD, were negligent in training, hiring and supervising defendants, MONESTIME and GAYLOG, GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and personal capacity.

4.      Additionally, defendants CITY, NYPD, MONESTIME and GAYLOG and GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and personal capacity, are liable to the plaintiff for conspiring to condone and encourage such **civil rights** violations by failing to properly investigate and punish the actions of the defendant police officers, and by maliciously fabricating, failing to investigate, abusing process, wrongfully arresting plaintiff based on evidence which had nothing whatsoever to do with plaintiff and which, in no reasonable way, implicated plaintiff, which improperly subjected him to incarceration. Said failure to reasonably investigate and take appropriate action to protect and secure the rights of plaintiff led to his harm and detriment.

5.      The defendant officers through their misconduct, by failing to properly identify plaintiff, refusing to conduct even the most rudimentary investigation despite numerous protestations of innocence by plaintiff, and refusing to acknowledge and give proper weight to a

recantation of an identification of plaintiff as a perpetrator by a complaining witness, severely assaulting the plaintiff all form part of a pervasive pattern of neglect and callous indifference towards the systemic violations of civil and due process rights among minority persons.

6.      This pattern of indifference within the CITY and NYPD encourage prosecutors, judges and police officers to believe that they can abuse minority members with impunity, and thus foreseeably lead to the unjustified charges of false arrest, false imprisonment, malicious prosecution, severe assault the plaintiff defamation of character, and intentional infliction of emotional distress leveled against the plaintiff, WILLIE JAMES BAINES, JR..

## JURISDICTION

7.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343 and 1344 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

## VENUE

8.      Venue lies in the Southern District of New York in that it represent the location of the occurrence Southern District of New York, to wit, Bronx County.

## NOTICE OF CLAIM

9.      Plaintiff, in furtherance of the causes of action stated herein, filed a notice of claim against CITY in compliance with the General Municipal Law Section 50.

10.      More than thirty (30) days have elapsed since service of said notice, and CITY has failed to pay or adjust the claim.

11.      This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

**PARTIES**

12.    WILLIE JAMES BAINES, JR. is, and at all times covered in the complaint, a United States citizen, residing in the state of New York, and is the plaintiff herein.

13.    The defendant THE CITY OF NEW YORK is a duly constituted municipal corporation of the State of New York and is and was the employer of defendants MONESTIME, GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.

14.    That defendant THE NEW YORK CITY POLICE DEPARTMENT was and is an agency of the CITY.

15.    That defendants, MONESTIME, is at all times herein mentioned, a police officers employed by the CITY under the direction of the NYPD and the CITY at the 44th Precinct, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

16.    That defendant, GAYLOG, at all times herein mentioned, a police officer employed by the CITY under the direction of the NYPD and the CITY at the 44th Precinct, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY, and acting in his individual and official capacity.

17.    That defendants NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, are at all times herein mentioned, a police officers employed by the CITY under the direction of the NYPD and the CITY at the 44th Precinct, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY,

and acting in his individual and official capacity.

18.     During all times mentioned in this complaint the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

19.     During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

20.     Each of the defendants at all times relevant to this action had the power and the duty to restrain the other defendants and prevent them from violating the law and the rights of the plaintiff but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the Plaintiff.

## FACTUAL ALLEGATIONS

21.     Plaintiff, WILLIE JAMES BAINES, JR., reiterates and realleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as though fully set forth herein.

22.     Plaintiff was wrongfully jailed/incarcerated, imprisoned and prosecuted from May 6, 2019 to May 7, 2019, through defendants willfully and maliciously disregarding the lack of any basis for WILLIE JAMES BAINES, JR.'s incarceration/prosecution what so ever and willfully and maliciously proceeded with prosecution, while they knew full well and had an unequivocal evidence of WILLIE JAMES BAINES, JR.'s innocence.

23.     On June 6, 2019 in Bronx, New York, the plaintiff, WILLIE JAMES BAINES, JR., was unlawfully detained and wrongfully arrested on numerous charges, handcuffed taken to the 44th police Precinct stationhouse and at central booking in Bronx County of The City of New York by defendants, MONESTIME AND GAYLOG and GAYLOG as well as denied indispensable medical treatment.

24.     Plaintiff was arrested on a false charge of a disorderly conduct and resisting arrest in violation of sections of the N.Y. State Penal Law Section 240.20 and Section 205.30 respectively.

25.     At all times relevant to this action Plaintiff was suffering from a number of ailments including but not limited to severe asthma, epilepsy and major depression disorder.

26.     Upon information and belief, on the day of the arrest, while lawfully present on a public sidewalk loading groceries into his vehicle plaintiff was approached by defendants MONESTIME AND GAYLOG and GAYLOG and was asked to produce his identification without any apparent reason for it.

27.     Upon information and belief, after plaintiff had peacefully inquired as to the reason for the officers' request, plaintiff was treated roughly, verbally insulted, violently assaulted and arrested by the defendants, MONESTIME AND GAYLOG and GAYLOG.

28.     Upon information and belief, WILLIE JAMES BAINES, JR. was violently thrown on the ground by defendants, MONESTIME AND GAYLOG and GAYLOG, pinned down by officers' knees on his back and neck which caused plaintiff severe difficulty breathing, handcuffed and transported to the 44th Precinct and booked on the above charges.

29.     Upon information and belief, following the completion of the booking procedures of approximately 20 hours, plaintiff was transferred to the Central Booking of the Bronx County, State of New York.

30.     Upon information and belief, throughout the approximately twenty (20) while at the

44th Precinct WILLIE JAMES BAINES, JR. repeatedly complained to the defendant officers that he was experiencing symptoms of epilepsy and required his medication. Additionally, Mr. BAINES repeatedly requesting medical treatment for the wounds he was caused by defendants, MONESTIME AND GAYLOG and GAYLOG during the arrest.

31.    Upon information and belief, defendants, MONESTIME AND GAYLOG and GAYLOG had ignored plaintiff's repeated requests for medical attention and denied same.

32.    Upon information and belief, on May 7, 2019 plaintiff appeared in Bronx County Criminal Court, for an arraignment (Docket #: BX2019012713) and plead not guilty to all charges. Thereafter a upon the motion of the assigned Assistant District attorney the plaintiff matter was Adjourned wit Contemplation of Dismissal.

33.    Upon information and belief, on November 7, 2019 plaintiff's criminal matter was Dismissed and Sealed pursuant to NY CPL Section 215.30

## AS AND FOR A FIRST CAUSE OF ACTION 42 U.S.C. § 1983

34.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint with the same force and effect as though fully set forth herein.

35.    The defendants, MONESTIME and GAYLOG, lacked reasonable suspicion to stop and detain the plaintiff, WILLIE JAMES BAINES, JR., and further lacked any probable cause to arrest him or retain him in prolonged custody.

36.    The wrongful stop, false detainment, assault, wrongful arrest, denial of medical treatment, malicious prosecution, and other wrongful acts conducted against the plaintiff by the defendants, MONESTIME AND GAYLOG, in their official and individual capacities were committed under color of law, customs, and statutes of the state of New York.

37.    Under color of law, the defendants CITY, NYPD, MONESTIME, GAYLOG, in

their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, deprived the plaintiff WILLIE JAMES BAINES, JR. of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, Equal Protection and Due Process, by falsely arresting, wrongfully detaining, unlawfully and falsely charging the plaintiff with criminal charges, for which there is no evidence or substantiation of any kind.

38.    The accusations of wrongful actions leveled against plaintiff were false and were an attempt to cover up the false arrest, abuse of process, failure to properly investigate, intentional and false imprisonment, false accusations, discriminatory harassment, malicious prosecution, defamation and abuse of process which has been inflicted by defendants on plaintiff.

39.    The false arrest of plaintiff, WILLIE JAMES BAINES, JR. without probable cause, and other wrongful acts conducted against the plaintiff by defendants, including, but not limited to defendants' unconstitutionally seizing, falsely arresting, intentionally and falsely imprisoning and detaining, falsely accusing, assaulting, discriminatorily harassing, defaming, and maliciously charging WILLIE JAMES BAINES, JR. constitutes a violation of plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as defendants had a duty to not subject plaintiff to false arrest and detention and summary punishment but failed to prevent same and breached their duty.

40.    The defendants CITY, NYPD, POLICE OFFICERS MONESTIME, GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, acted under color of law to deny the plaintiff his constitutional rights to due process and freedom from seizure, by wrongfully detaining the plaintiff at the 44th Precinct and

Bronx County Central Booking wrongfully charging him and holding him under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

41.      Such abuse of process was continued by the defendants CITY, NYPD, POLICE OFFICERS MONESTIME, GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, in their refusal to adequately investigate the charges against the plaintiff and to properly review and investigate the actions of defendant officers and officials for their actions against the plaintiff. Specifically, defendants failed to investigate and verify the veracity of the plaintiffs' claims, despite the lack of any significant hearing or consideration by the defendants CITY, NYPD, POLICE OFFICERS MONESTIME, GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, for the substantial evidence supporting plaintiff's innocence-such evidence includes a definitive witness statements as to plaintiff's innocence.

42.      POLICE OFFICERS MONESTIME, GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, failed to provide proper and effective treatment and or assistance for these ailments- all of which stemmed from the unlawful, unjustified, and unreasonable incarceration of plaintiff.

43.      As a consequence of defendants' wrongful actions, intentional assault and battery, negligent behavior, and violation of state and federal laws, plaintiff was deprived of his freedom, was subject to great physical harm, was made to suffer great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continues to suffer pain and

mental and emotional distress as a result of the aforesaid unlawful conduct of defendants CITY, NYPD, POLICE OFFICERs MONESTIME, GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity.

44.     That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own but, were caused solely and wholly by reason of the unlawful acts of the aforementioned defendants as set forth above.

45.     That by reason of the foregoing, plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION 42 U.S.C. § 1983 Municipal Liability**

46.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 45 of this complaint with the same force and effect as though fully set forth herein.

47.     In actively inflicting and failing to prevent the above stated abuses incurred by plaintiff, all of the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations. Said rights are guaranteed to the plaintiff by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

48.     Both before and after May 6, 2019, the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, have permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses and arrest of Black and Hispanic

persons by police officers of the CITY, and the wrongful detention of the same. Although such police conduct was improper, said incidents were covered up by the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, by official claims that the officers' harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials. Said charges and official claims have been fully backed by the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, who have repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by these officers against minority persons, including WILLIE JAMES BAINES, JR..

49.    Additionally, the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, have systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

50.    Upon information and belief, specific systemic flaws in the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity misconduct review process include but

are not limited to the following:

a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

b. Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d. Police officers and assistants of district attorney fail to credit with appropriate weight and attention any and all information tending to exonerate defendants;

e. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

f. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

g. The CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, hastily accepts the polices' above-as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

51.    Said cover-up by the defendants CITY, NYPD, POLICE OFFICERS MONESTIME

and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity was executed in this case, where the defendants failed to sufficiently investigate the correct identity of the WILLIE JAMES BAINES, JR. and instead acted under color of statute to knowingly impose false criminal charges upon the plaintiff.

52.    By permitting and assisting such a pattern of police misconduct, the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, have acted under color of custom and policy to condone, encourage and promote the deprivation of WILLIE JAMES BAINES, JR.'s Fourth, Fifth and Fourteenth Amendment rights; to wit the defendants POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity were encouraged by the CITY,NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, to believe that their actions against the plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

53.    As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom and physically and emotionally harmed, to the extent of which he suffered from sleeplessness, headaches, anxiety, insomnia, and related emotional distress and suffering which requires medical attention.

54.    As a proximate cause of the CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their

official and individual capacity, custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said plaintiff was further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional wellbeing of the plaintiff.

55.     That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own but were caused solely and wholly by reason of the negligence of the aforementioned defendants as set forth above.

56.     That by reason of the foregoing, plaintiff has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

**AND AS FOR A THIRD CAUSE OF ACTION 42 U.S.C. § 1983 ALTERNATE LIABILITY OF THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and**

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 56 of this complaint with the same force and effect as though fully set forth herein.

58.     Defendants MONESTIME and GAYLOG lacked any probable cause to stop, hold and detain the plaintiff in custody for any period of time and thus are directly liable for the constitutional violations that plaintiff WILLIE JAMES BAINES, JR. suffered, in that Defendants CITY and NYPD, hired and retained police officers who, acting within the course and scope of power and authority conveyed to the police officers by Defendants CITY and NYPD violated the constitutional rights of Plaintiff.

59.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the defendants CITY and NYPD and the other defendants unjustifiably mistreated, illegally arrested and wrongfully detained the plaintiff and failed to respond to plaintiff's medical needs. All of this was done in violation of the plaintiff's civil and constitutional rights and he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation

of character and injury to reputation. All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and the laws of the State of New York.

60.     That by reason of the foregoing, plaintiff has been placed in fear of his life, exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Three Million dollars ($3,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION 42 U.S.C. § 1985**

61.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 of this complaint with the same force and effect as though fully set forth herein.

62.     As a proximate cause of the CITY, NYPD and POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, conspired to deprive plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, falsely detain, unlawfully accuse, wrongfully arrest and falsely imprison the plaintiff for twenty (20) hours, as described above.

63.     Upon information and belief, the defendants As a proximate cause of the CITY, NYPD and POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, further deprived the plaintiff of his due process rights; specifically by conspiring to prolong the defendant's unlawful detainment without probable cause, investigation, rule of law and by further defying the plaintiff his

Fifth Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm incurred.

64.     Said actions by defendants As a proximate cause of the CITY, NYPD and POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, denied the plaintiff his Due Process, and denied him the equal protection under the law. All of these rights are guaranteed to the plaintiff under U.S.C. §§'s 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

65.     By assisting in the prolonged detainment and false charging of the plaintiff, As a proximate cause of the CITY, NYPD and POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, acted in concert and with the shared purpose of denying plaintiff his rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the laws. These rights are guaranteed to the plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments, as well as under 42 U.S.C. §§'s 1983 and 1985.

66.     As a result of said conspiracy by the defendants, as a proximate cause of the CITY, NYPD and POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, the plaintiff has been subjected to unnecessary and unsubstantiated charges, detention, court appearances, and other due

process violations.

67.     Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being publicly detained, jailed for nine (9) days, manhandled, assaulted, handcuffed, strip and cavity searched, all without the comfort of his family.

68.     That by reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION 42 U.S.C. § 1986

69.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 68 of this complaint with the same force and effect as though fully set forth herein.

70.     The false detainment, wrongful arrest, assault, malicious prosecution, and other wrongful acts conducted against the plaintiff by the defendants POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, constituted abuse of process, abuse of authority, breach of police procedures, violations of state and federal laws and violations of the plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. The defendant police officers negligently and recklessly breached their duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against plaintiff, including violations of 42 U.S.C. §§ 1983 and 1985, and substantive and procedural due process infractions.

71.     The defendants POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, knew or should have known that the detainment, assault, false arrest, and wrongful imprisonment of

plaintiff violated the plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

72.     Each of the said defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the assault, false arrest, wrongful detainment and false charging of the plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the plaintiff when such violations did in fact occur.

73.     The defendants and each of their failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

74.     The defendants POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, knew or should have known that the fabricated charges against plaintiff were violative of his Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

75.     Said defendants had the power to prevent the continued due process violations against plaintiff yet had failed to prevent or dismiss the fabricated charges against the plaintiff, or to protect the plaintiff from the unwarranted and potential penalties of said charges.

76.     The exoneration of and refusal to discipline the defendant police officers for their misconduct against plaintiff is neglectful of their duty to prevent the further violation of plaintiff's right to compensation under 42 U.S.C. §§'s 1983, 1985 and 1986.

77.     As a result of the failure of the above stated defendants to prevent the known violations stated above, the plaintiff has suffered extreme fear, personal humiliation and degradation, emotional and psychological harm to the detriment of his psychological health.

78.    By reason of the foregoing, plaintiff has been damaged in the sum of Five Million

Dollars ($5,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)

79.    The plaintiff, WILLIE JAMES BAINES, JR., repeats and realleges each and every

allegation in paragraphs numbered 1 through 78 of this complaint with the same force and effect as

if fully set forth herein.

80.    By their actions, as set forth above, the defendants MONESTIME and GAYLOG

committed savage acts of assault and battery against WILLIE JAMES BAINES, JR., which

included threatening to physically harm said plaintiff and physically assaulting WILLIE JAMES

BAINES, JR. This use of physical force against WILLIE JAMES BAINES, JR. was unnecessary

and excessive.

81.    Defendants, CITY and NYPD is responsible for the threats and excessive and

unnecessary physical force used by the DEFENDANT OFFICERS because the misconduct

occurred when they were acting within the scope of their employment, specifically in the course of

arresting WILLIE JAMES BAINES, JR.

82.    As a result of the aforementioned threats and the use of unnecessary and excessive

force, WILLIE JAMES BAINES, JR. suffered the severe damages enumerated above.

83.    By reason of the foregoing, plaintiff has been damaged in the sum of Five Million

Dollars ($5,000,000.00).

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (NEGLIGENCE)

84.    The plaintiff repeats, reiterates, and re-alleges each and every allegation contained in

paragraphs 1 through 83 of this complaint with the same force and effect as though fully set forth

herein.

85.     That or about May 6, 2019, the defendants MONESTINE and GAYLOG were negligent in causing and allowing and/or permitting his body or parts thereof as well as well as parts of inanimate objects to come in contact with the person of the plaintiff in such a manner as to cause severe personal injuries and serious and permanent bodily harm to the plaintiff.

86.     By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

## AS AND FOR AN EIGHT CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

87.     Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 86 of the complaint as if fully set forth herein.

88.     The aforementioned actions of defendants were so outrageous, malicious and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

89.     Defendants acted with the desire and intent to cause plaintiff emotional distress or acted under circumstance known to them which made it substantially certain that they would cause such emotional distress.

90.     Defendants acted with utter disregard of the consequences of their actions.

91.     As a result, Plaintiff was caused to suffer the severe emotional distress.

92.     By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

## AS AND FOR A NINTH CAUSE OF ACTION
## (NEGLIGENT HIRING TRAINING, SUPERVISING, AND RETAINING)

93.     Plaintiffs repeat and reiterate the allegations contained in paragraphs 1 through 92 of the complaint as if fully set forth herein.

94.     The actions of Defendants CITY and NYPD, through its agents, servants and/or

employees, including defendants, MONESTIME, GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, heretofore described constitutes negligence in that defendants CITY and NYPD negligently trained or failed to train its agents, servants, or employees, especially including defendants MONESTIME, GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.

95.    The actions of Defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown were, through its agents, servants, or employees, including defendants, MONESTIME, GAYLOG and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, heretofore described constitutes negligence in that defendants CITY and NYPD negligently supervised or failed to supervise its agents, servants, or employees, especially including defendants MONESTIME, GAYLOG.

96.    The actions of Defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown were, through its agents, servants, or employees, including defendants, MONESTIME, GAYLOG, heretofore described constitutes negligence in that defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown negligently disciplined or failed to discipline its agents, servants, or employees, especially including defendants MONESTIME and GAYLOG.

97.    Defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown were negligent in its hiring of its agents, servants and/or employees, especially including defendants MONESTIME  and GAYLOG, who defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT

SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions.

98.    Defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown were negligent in its retention of its agents, servants and/or employees, especially including defendants MOPNESTIME and GAYLOG, who defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions in that they refused or failed to perform within the statutory and constitutional limits of their authority and misused and abused their positions.

99.    As a result of the negligence of defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown and the acts of defendants, MONESTIME and GAYLOG and other agents, servants and/or employees of defendants CITY, NYPD and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, without any negligence on the part of Plaintiff, Plaintiff was caused to suffer severe and permanent personal. injuries, pain and suffering, emotional and psychological distress, anguish, anxiety, fear, humiliation loss of freedom, and loss of wages, legal expenses, and damage to his reputation.

100.    By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

## AS AND FOR A TENTH CAUSE OF ACTION
## (PUNITIVE DAMAGES)

101.    That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 100 of this complaint with the same force and effect as though fully set forth herein.

102.     The acts of defendants CITY, NYPD, POLICE OFFICERS MONESTIME and GAYLOG, in their official and individual capacity and NEW YORK CITY POLICE DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff without regard for plaintiff's well being and were based on a lack of concern and ill-will towards plaintiff. Such acts therefore deserve an award of Ten Million Dollars ($10,000,000.00) as punitive damages.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### (ATTORNEYS' FEES)

103.     The Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 99 of the complaint as if fully set forth herein.

104.     The actions of defendants heretofore described resulting from the June 12, 2008, arrest, detention, imprisonment assault, use of excessive force, and prosecution of the Plaintiff, constitute an unlawful arrest imprisonment, assault, use of excessive force, and malicious prosecution which deprived the Plaintiff of rights, privileges, and immunities as guaranteed under the United States Constitution, Amendments One, Four, Five, and Fourteen, the New York State Constitution, the Civil Rights Acts, 42 U.S.C. §§ 981, 1983, 1985, 1986, and 1988 and the complained of conduct was either the result of an official policy or unofficial custom, including but not limited to, policies and customs concerning the hiring, training, supervision, retention and discipline of the CITY, NYPD, and DOC's agents, servants and/or employees, and those involving the arrest, detention and prosecution of individuals, including and especially, those persons such as the Plaintiff who are of African-American ethnic descent.

105.     That the Plaintiff has incurred significant attorneys' fees in the prosecution of the above referenced. claims against the defendants. That in the event that the Plaintiff is successful in the prosecution of the aforesaid claim(s), Plaintiff shall be a prevailing party within the meaning of

42 USC § 1.988 and entitled to the recovery of said attorneys fees from the defendants.

WHEREFORE, plaintiff demands judgment against defendants:

a. On the First Cause of Action in the sum of Ten Million dollars ($10,000,000.00).

b. On the Second Cause of Action in the sum of Ten Million dollars ($10,000,000.00).

c. On the Third Cause of Action in the sum of Three Million dollars ($3,000,000.00).

d. On the Fourth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

e. On the Fifth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

f. On the Sixth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

g. On the Seventh Cause of Action in the sum of Five Million dollars ($5,000,000.00)

h. On the Eighth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

i. On the Ninth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

j. On the Tenth Cause of Action in the sum of Ten Million dollars ($10,000,000.00)

k. On the Eleventh Cause of Action in the sum set by this Court within the meaning of 42 USC § 1.988 which, it will deem just and proper.

l. Declaratory Judgment that defendants willfully violated plaintiffs' rights secured by federal and state law as alleged herein;

m. Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

n. An order granting such other legal and equitable relief as the court deems just and proper.

o. Award costs of this action including attorney's fees to the plaintiff pursuant to 42 U.S.C. § 1988, and

A jury trial is hereby demanded.

Dated: July 29, 2020
Brooklyn, New York

Respectfully Submitted,

By_____/S/  Alexander Roytblat_____
ALEXANDER ROYTBLAT, ESQ.
AR2778
ROYTBLAT LAW GROUP, PLLC
*Attorneys for Plaintiff*
2663 Coney Island Avenue | 2nd Floor
Brooklyn, New York 11223
(718) 509-4911



Case No:
UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------------X

WILLIE JAMES BAINES, JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER
ROOSVELT MONESTIME, in his official and individual capacity, POLICE OFFICER ROBERT
GAYLOG, in his official and individual capacity and NEW YORK CITY POLICE
DEPARTMENT SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their
official and personal capacity,

Defendants.

-------------------------------------------------------------------------------------------------------------------X

**COMPLAINT**

ROYTBLAT LAW GROUP, PLLC
Attorneys for Plaintiff
*Office and Post Office Address, Telephone*
2663 Coney Island Avenue | 2nd Floor
Brooklyn, New York 11223
TELEPHONE (718) 509-4911
**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

*Attorney(s) for*

*Service of a copy of the within          is hereby admitted*
*Dated:,*

.......................................................
*Attorney(s) for*

___