USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/2/20____



**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**INNA SHAPOVALOVA**
*Assistant Corporation Counsel*
Phone: (212) 356-2656
Fax: (212) 356-3509
Email: inshapov@law.nyc.gov

October 30, 2020

**BY ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMORANDUM ENDORSED**

    Re:    Willie James Baines, Jr. v. City of New York, et al.
            20 CV 6282 (GHW)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant writes to respectfully request that the Court compel plaintiff to, by a date certain set by the Court, correctly complete, execute, and return Local Civil Rule 83.10 compliant §160.50 authorization form and medical releases. As noted below, the undersigned has been unable to reach plaintiff's counsel, Alexander Roytblat, in advance of making this application.

      By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging *inter alia*, false arrest, malicious prosecution, unreasonable search and seizure, and State law claims for assault and battery related to his arrest on or about May 6, 2019. Plaintiff names the City of New York, Police Officer Roosvelt Monestime, and Police Officer Robert Gaylog as defendants in this action. On August 17, 2020, this case was designated for participation in Local Civil Rule 83.10 (formerly the Section 1983 Plan). Defendant City was served on August 27, 2020, however, at the time of service, the City was not provided with either a § 160.50 Release or medical releases that are in compliance with Local Civil Rule 83.10.

      Pursuant to Local Civil Rule 83.10, the plaintiff is required to serve on the City a § 160.50 Release at the same time that plaintiff serves the complaint. Additionally, if plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff must serve on the City medical releases for all medical and psychological treatment records for those injuries at the

same time that plaintiff serves the § 160.50 Release. Local Civil Rule 83.10 provides that if the § 160.50 Release is served after the complaint is first served on a defendant, each defendant will have the greater of (i) 60 days from the date of the § 160.50 Release is served on the City, or (ii) 60 days after the defendant is served, to answer the complaint. As provided for in Local Civil Rule 83.10, plaintiff's failure to timely comply with the requirements and serve on the City a § 160.50 Release impacts every subsequent deadline for this matter including the defendant's answer due date, exchange of initial disclosures, completion of limited discovery, and scheduling of the mediation or settlement conference. To date, plaintiff has failed to provide the required release(s).

In addition, to comply with defendant's obligations under Federal Rule of Civil Procedure 11 ("Rule 11") and investigate the allegations of the Complaint, defendant City must obtain records regarding the court actions underlying plaintiff's claims, including police records, the District Attorney's file, and other court documents. It is our understanding that these records have been sealed pursuant to New York Criminal Procedure Law Section 160.50.

Accordingly, on September 4, 2020, this Office contacted plaintiff's counsel Alexander Roytblat and requested a Plan compliant fully executed § 160.50 Release as well as medical releases which would authorize defendant City to obtain plaintiff's medical records for any injuries purportedly sustained during this incident. On September 18, 2020 the undersigned followed up with plaintiff's counsel regarding the releases and he indicated that he would be providing the releases shortly. After not having received any releases, on October 20, 2020 and October 28, 2020, defendant City once again sent additional emails to plaintiff's counsel to inquire about the status of the releases and also called plaintiff counsel's office and left a message on October 28, 2020. To date, plaintiff's counsel has not responded to that message or the emails sent on October 20th and October 28th.

Because plaintiff has failed to return the §160.50 authorization form and medical releases, defendant has been unable to obtain the underlying documents relevant to plaintiff's claims. Accordingly, defendant City respectfully requests that the Court compel plaintiff to, by a date certain set by the Court, return a correctly completed and executed §160.50 authorization form and medical releases to defendant so that defendant may obtain the information necessary to fulfill its Rule 11 obligations and respond to plaintiff's Complaint. In addition, to the extent the Court is inclined to grant this request, defendant respectfully requests that, due to the current work from home status, plaintiff provide copies of those releases both by electronic mail and U.S. Mail so that this Office can begin processing the releases as soon as they are received.

Based on the foregoing, defendant City thus respectfully requests that the Court compel plaintiff to, by a date certain set by the Court, correctly execute and return Local Civil Rule 83.10 compliant §160.50 authorization form and medical releases.

Defendant thanks the Court for its time and consideration.

The Court will hold a conference call regarding Defendant City of New York's request on November 4, 2020 at 2:00 p.m. The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19 available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C).

Respectfully submitted,

*Inna Shapovalova*

Inna Shapovalova
Assistant Corporation Counsel
Special Federal Litigation Division

SO ORDERED.

Dated:  October 31, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge